**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4276**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JIMMY SCOTT ELKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:10-cr-00017-JPJ-PMS-1)

Submitted: October 5, 2012          Decided: October 15, 2012

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, P.L.C., Staunton, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Scott Elkins pled guilty to one count of possessing a firearm, in and affecting commerce, while subject to a domestic violence protective order, in violation of 18 U.S.C. § 922(g)(8) (2006). Elkins was sentenced to twenty-seven months in prison. Elkins's plea was a conditional one, Fed. R. Crim. P. 11(a)(2), and on appeal, he raises the constitutional challenge he asserted unsuccessfully below, namely, that § 922(g)(8), as applied to him, violates the Second Amendment. We review de novo a defendant's constitutional challenge to a criminal statute. United States v. Moore, 666 F.3d 313, 316 (4th Cir. 2012).

The Supreme Court, in District of Columbia v. Heller, 554 U.S. 570 (2008), identified an individual right to keep and bear arms embodied in the Second Amendment. Subsequently, in United States v. Chester, 628 F.3d 673 (4th Cir. 2010), we established a two-pronged test for assessing a Second Amendment challenge to a criminal statute. The first prong requires an evaluation of whether Second Amendment rights are "burden[ed] or regulat[ed]" by the statute in question. Id. at 680. If so, under the second prong, the statute must pass constitutional muster in accordance with the appropriate level of judicial scrutiny. Id.

We have not yet decided whether "the Second Amendment extends beyond the home or to perpetrators of domestic abuse." United States v. Mahin, 668 F.3d 119, 124 (4th Cir. 2012); see United States v. Chapman, 666 F.3d 220, 225 (4th Cir. 2012); United States v. Staten, 666 F.3d 154, 159 (4th Cir. 2011), cert. denied, 132 S. Ct. 1937 (2012). However, in both Mahin and Chapman, we applied intermediate scrutiny to evaluate an as-applied challenge to § 922(g)(8), assuming, without deciding, that the relevant conduct fell within the Second Amendment's protection. Mahin, 668 F.3d at 124; Chapman, 666 F.3d at 226. Elkins's claim does not fall "within the core right identified in Heller—the right of a law-abiding, responsible citizen to possess and carry a weapon for self-defense." Chapman, 666 F.3d at 226 (emphasis omitted). Accordingly, we evaluate Elkins's challenge using intermediate scrutiny.

Intermediate scrutiny requires that the government bear the burden of establishing a reasonable fit between the challenged statute and a substantial government objective. Chester, 628 F.3d at 683. We have decided, "[b]ased upon § 922(g)(8)'s legislative history, the relevant case law, and common sense, . . . [that] the government has carried its burden of establishing that reducing domestic gun violence is a substantial governmental objective of § 922(g)(8)." Chapman,

3

666 F.3d at 227.  Accordingly, we conclude that § 922(g)(8) satisfies the intermediate scrutiny standard.

In order for Elkins to prevail on his as-applied challenge, he must show that his factual circumstances remove his challenge from the realm of ordinary challenges.  Moore, 666 F.3d at 319.  In Chapman, we held that there was a reasonable fit between the substantial government interest of reducing domestic gun violence and disarming an individual who is subject to a court order that (1) satisfies procedural due process; (2) restrains him from "harassing, stalking or threatening" his intimate partner or a child of that partner, or engaging in other actions that would place the partner in reasonable fear of bodily injury to self or child; and (3) prohibits the "use, attempted use, or threatened use" of such physical force against the partner or child that "would reasonably be expected to cause bodily injury."  Chapman, 666 F.3d at 230.

Although Elkins concedes that his protective order was nearly identical to that at issue in Chapman, he contends that § 922(g)(8) is unconstitutional as applied to him because there is not a reasonable fit between preventing domestic gun violence and disarming him, specifically.  Elkins urges us to consider that he presented no threat of future harm to the woman who obtained the protective order, noting that she continued to maintain her relationship with him after the protective order

4

was issued. We find this assertion insufficient to remove Elkins's case from the ambit of similar cases decided by this court.

We held in Chapman that § 922(g)(8)(A)-(B) and (C)(ii) "may be somewhat over-inclusive given that not every person who falls within . . . it would misuse a firearm." Chapman, 666 F.3d at 231. However, we do not believe that this undermines the constitutionality of the statute because intermediate scrutiny requires only a reasonable fit, rather than a perfect one. Id.

We also reject Elkins's next argument that § 922(g)(8) is unconstitutional as applied to him because the protective order issued against him does not specifically articulate that he is a "credible threat." Although Elkins relies on Mahin, that opinion actually rejects the notion that to survive an as-applied challenge to § 922(g)(8), a protective order must recite a talismanic incantation that the subject of the order poses a "credible threat." As we concluded in Mahin, "whether a finding that the person represents a credible threat is explicit in the order's language or not, it is a necessary step in the court's decision to issue the injunctive order." Id.

Elkins also seeks to challenge the validity of the underlying state-court protective order, asserting that it was based on inadequate hearsay evidence and that there were no

5

conclusive findings that he represented a credible future threat. However, as the Government correctly argues, the validity of the underlying order is irrelevant to the determination of whether Elkins's conduct falls within § 922(g)(8). "Nothing in the language of 18 U.S.C. § 922(g)(8) indicates that it applies only to persons subject to a valid, as opposed to an invalid, protective order." United States v. Hicks, 389 F.3d 514, 535 (5th Cir. 2004) (emphasis omitted). Other courts have reached the same conclusion, and we agree with "the overwhelming weight of federal case law preclud[ing] a defendant in a § 922(g)(8) prosecution from mounting a collateral attack on the merits of the underlying state protective order." United States v. Reese, 627 F.3d 792, 804-05 (10th Cir. 2010), cert. denied, 131 S. Ct. 2476 (2011).

Finally, Elkins argues that § 922(g)(8) is unconstitutional as applied to him because his protective order was not being "enforced." Elkins bases this assertion on our decision in Chapman, which held that § 922(g)(8) only applies "to persons under a [domestic violence protective order] then 'currently in force'." Chapman, 666 F.3d at 228. Elkins contends that our decision in Chapman stands for the proposition that if a protective order is not "enforced" then there is no violation of § 922(g)(8), because the order was not "in force." We are unpersuaded.

6

We have held that "[w]hen engaging in statutory interpretation, we first and foremost strive to implement congressional intent by examining the plain language of the statute." United States v. Abdelshafi, 592 F.3d 602, 607 (4th Cir. 2010) (internal quotation marks omitted). Section 922(g)(8) states that its restrictions apply to an individual "who is subject to" a domestic violence protective order. 18 U.S.C. § 922(g)(8). Elkins encourages an entirely different interpretation, one that requires a protective order to be "enforced" in order for § 922(g)(8) to apply. We find no support for this position within the language of the statute. At the time that Elkins possessed the firearms in question, he was subject to a domestic violence protective order; thus, § 922(g)(8) was properly applied to him.

Accordingly, we affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7